Eastern District of Kentucky
F I L E D

JAN 1 7 2007

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-106-GWU

MARILYN GIBSON,                                          PLAINTIFF,

VS:                        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT,

## INTRODUCTION

Marilyn Gibson originally brought Gibson v. Barnhart, London Civ. A. No. 04-51-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits. After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of December 30, 2004 (Tr. 441-451), it is again before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in

1

death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d

2

654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded

when the person is not able to do a full range of sedentary work, even if that

person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2,

Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony

of a vocational expert in response to a hypothetical question, but only "if the

question accurately portrays (plaintiff's) individual physical and mental

impairments."  Varley v. Secretary of Health and Human Services, 820  F.2d 777

(6th Cir.  1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Gibson, a 44 year-old

former janitor with a "limited" education, suffered from impairments related to

myofascial syndrome and borderline intelligence.  (Tr. 372, 375).   While the

plaintiff was found to be unable to return to her past relevant work, the ALJ

determined that she retained the residual functional capacity to perform a

restricted range of light level work.  (Tr. 379).   Since the available work was

found to constitute a significant number of jobs in the national economy, the

claimant could not be considered totally disabled. (Tr. 379-380).  The ALJ based

this decision, in part, upon the testimony of a vocational expert.  (Tr. 378).

After review of the evidence presented, the undersigned concludes that

the administrative decision is supported by substantial evidence.  Therefore, the

Court must grant the defendant's summary judgment motion and deny that of the

plaintiff.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) a restriction to simple job settings with no public contact; (2) an inability to perform jobs requiring frequent changes and with a need for changes to be gradually introduced; (3) an inability to ever squat; (4) an inability to reach overhead for more than 10 minutes in a one-hour time period; (5) an inability to lift more than 10 pounds overhead; and (6) an inability to sit, stand, or walk for longer than one-hour continuously with a combined limitation on the activities to eight hours a day. (Tr. 436). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 437). The ALJ later changed the mental limitations to include "moderate" restrictions of ability to respond appropriately to changes in the work setting and to maintain attention and concentration for extended time periods. (Tr. 437-438). The expert reported that the previously-cited jobs could still be performed. (Tr. 438). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Gibson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

This action was previously remanded by the undersigned because the hypothetical question presented by the ALJ did not fairly characterize Gibson's mental condition. Psychologist James Leisenring, an examining consultant, and Medical Reviewer Jane Brake each identified the existence of more severe mental limitations than those found by the ALJ. (Tr. 450). The only mental health professional to contradict these sources was Lea Perritt, who did not have the opportunity to see and comment on Leisenring's opinion. (Tr. 450). Thus, the examiner's opinion was not properly offset in the record. In the present action, this problem has been cured.

6

Following the remand of the action, Psychologist Rebecca Sweeney reviewed the record and testified at the administrative hearing as a medical advisor. Sweeney stated that she did not believe that Leisenring's report supported the existence of a "severe" anxiety disorder. (Tr. 428). While the plaintiff was noted by Leisenring to suffer from motor tension, Sweeney reported that her activities of daily living as indicated in the record and during the hearing testimony did not suggest that this was a severe problem. (Tr. 428-429). The expert noted that the plaintiff would be "moderately" limited in her ability to concentrate and attend to tasks as well as in following detailed instructions. (Tr. 432). She would also have some difficulty dealing with the public. (Tr. 432). While the psychologist initially indicated that the claimant would have "moderate" problems dealing with work pressures and stress, she later indicated that these problems would abate if the work changes were infrequent and gradually introduced. (Tr. 434).

The mental factors of the hypothetical question were essentially compatible with Sweeney's restrictions. Leisenring did report the existence of arguably somewhat more severe limitations with regard to interacting with supervisors and co-workers. (Tr. 204). However, Sweeney did articulate reasons for her differing opinion. An ALJ may rely upon the opinion of a non-examiner over an examining source when the non-examiner clearly states the reasons for her differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Brake, the medical reviewer, reported the existence of "moderate" limitation in such areas as the ability to maintain attention and concentration as well responding to changes in the work setting. (Tr. 287-288). Therefore, these reports provide substantial evidence to support the administrative decision.

With regard to the framing of the physical factors of the hypothetical

7

question, the undersigned finds no error.  Dr. Craig Leicht, a treating source at the Southeast Kentucky Pain Management Center, repeatedly restricted Gibson only from performing heavy lifting and prolonged sitting or standing.  (Tr. 206, 208, 210-211, 213, 221, 224, 236).   Dr. Divyesh Bhakta, an examining consultant, only precluded Gibson from sitting more than one hour.  (Tr. 194). Dr. Jorge Baez-Garcia (Tr. 284-285) and Dr. Kenneth Phillips (Tr. 286), the non-examining medical reviewers, did not believe that the plaintiff's physical impairments were "severe."   The physical factors of the hypothetical were consistent with these opinions.  Finally, the Court notes that the physical factors of the hypothetical question were consistent with the limitations reported by Tom Bowden, a physical therapist at the London Physical Therapy Clinic.[1]  (Tr. 325). These reports provide substantial evidence to support the administrative decision.

Dr. Jadhave Kishore, also a treating physician, identified the existence of very serious physical limitations on several occasions.  (Tr. 196-198, 324, 505-506).  The ALJ rejected Dr. Kishore's opinion as binding.  (Tr. 376).  This action would appear appropriate to the undersigned.  The doctor's opinion was offset by that of Dr. Leicht, another treating physician.  A myelogram did not reveal the presence of disc herniation.  (Tr. 283).  Dr. Kishore repeatedly indicated that the plaintiff complained of no sensory or motor symptoms.  (Tr. 267-275, 323, 483). The doctor also repeatedly noted that the claimant could function with medication.  (Tr. 267, 469, 471-474).  Therefore, the ALJ dealt properly with the evidence of record relating to Gibson's physical condition.

---

[1]Under the federal regulations, Bowden would not be considered an "acceptable medical source" whose opinion would be binding on the ALJ.  20 C.F.R. Section 404.1513.  However, as a physical therapist, he would be considered an "other medical source" whose opinion the ALJ could consider.  20 C.F.R. Section 404.1513(d)(1).

Gibson argues that the ALJ did not properly evaluate her subjective pain complaints.    Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Gibson was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  As previously noted, even Dr. Jadhave repeatedly noted that the plaintiff was able to function on medication.  Dr. Leicht, the treating pain management specialist imposed rather modest physical limitations. Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Gibson's pain complaints.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the  _17_ day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE

9